Receipt number AUSFCC-10865372

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| COMMANDER WILLIAM MICHAEL FUTCH,<br>6412 8th Street E<br>Fife, WA 98424<br><br>CAPTAIN BENJAMIN F. BROWN, JR.,<br>20 North Stonewood Drive<br>Franklinton, NC 27525<br><br>*Plaintiffs,*<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  **25-1915 C**<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### *Introduction*

Plaintiffs, William Michael Futch and Benjamin F. Brown (collectively, "Plaintiffs"), respectfully bring this class action on behalf of themselves and a Class consisting of all retired officers of the United States Public Health Service ("USPHS") whose monthly retired pay, guaranteed by 42 U.S.C. § 212, has not been paid by the Defendant, the United States of America, during the current government shutdown which began October 1, 2025. All individuals who experienced a similar fact pattern constitute the proposed Class. Plaintiffs and the proposed Class seek relief under 28 U.S.C. § 1491 from the United States of America's failure to pay retired USPHS officers their monthly retired pay as required under 42 U.S.C. § 212.

### *Jurisdiction and Venue*

1.      Jurisdiction and venue are proper with this Court pursuant to 28 U.S.C. § 1491 (the "Tucker Act") as Plaintiffs' and Class Members' claim is against the United States of America,

which harmed Plaintiffs' and Class Members through the actions of the Department of Health and Human Services ("HHS"), for damages in excess of $10,000.

### *Parties and Timeliness*

2.     Plaintiff, Commander ("CDR") William Michael Futch, is a citizen of the United States who resides at the address listed in the caption. At all relevant times during the conduct that gave rise to this action, Plaintiff was residing in the United States.

3.     Plaintiff, Captain ("CAPT") Benjamin F. Brown, is a citizen of the United States who resides at the address listed in the caption. At all relevant times during the conduct that gave rise to this action, Plaintiff was residing in the United States.

4.     Defendant, the United States of America, harmed Plaintiffs and Class Members through the actions of HHS, which failed to pay retired USPHS officers their monthly retired pay as required under 42 U.S.C. § 212 and 28 U.S.C. § 1491.

5.     28 U.S.C. § 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

Here, Plaintiffs' and Class Members' action against the United States of America first accrued on or about November 1, 2025, the first month in which the United States of America failed to pay them their monthly retired pay as required under 42 U.S.C. § 212 and 28 U.S.C. §1491.

6.     Thus, Plaintiffs' action is timely.

### *Statement of the Facts*

7.     The officers in the USPHS serve a conglomeration of agencies within federal departments of the United States, overseeing our nation's public health. USPHS Commissioned

Corps officers and their predecessors have served the United States since 1798, and serve alongside members of the United States Army, Navy, Air Force, Marine Corps, Coast Guard, Space Force, and National Oceanic and Atmospheric Administration Commissioned Officer Corps as one of the United States' eight uniformed services.

8.    CAPT Brown began his service in the USPHS on August 13, 1996, after previously serving in the Army as an enlisted infantryman from 1985 to 1988.

9.    While on active duty in the USPHS,  CAPT Brown was detailed to the Federal Bureau of Prisons ("BOP") as a clinical nurse, Assistant Health Services Administrator, Health Services Administrator, and as the Commissioned Corps Liaison. He was responsible for all personnel actions between the BOP and USPHS.

10.    During his time on duty in the USPHS, CAPT Brown earned three Exceptional Proficiency Promotions to O-4, O-5, and O-6, and was highly decorated.

11.    CAPT Brown also earned a Bachelor of Science degree in Nursing, a Master's degree in Public Administration, and a Doctorate degree in Healthcare Administration.

12.    CAPT Brown retired from the USPHS on May 31, 2014, and became entitled to retired pay on June 1, 2014.

13.    On or about September 29, 2025, CAPT Brown received his monthly retired pay for the month of October 2025.

14.    CAPT Brown has not yet received his monthly retired pay for the month of November 2025, which, based on past history, should have arrived in late October.

15.    Upon information and belief, the United States of America is refusing to pay CAPT Brown his monthly retired pay as a result of the current government shutdown which began October 1, 2025.

16.    CDR William Michael Futch began his service in the USPHS in 2002 and served from 2002 until 2004. CDR Futch returned to the USPHS on February 1, 2005.

17.    CDR Futch had previously served in the Navy from 1990 to 1994, and in the Army National Guard from 1994 to 2001.

18.    CDR Futch has been awarded the Meritorious Service Medal, Navy Good Conduct Medal, National Defense Medal, Overseas Service Ribbon, Armed Forces Humanitarian Service Medal, two Army Reserve Component Achievement Medals, Army Service Ribbon, NC Meritorious Unit Citation, NC State Active-Duty Ribbon, and the NC Service Ribbon.

19.    CDR Futch was nominated for the USPHS Commendation medal for the work he provided during the early stages of the COVID-19 pandemic for several detention facilities.

20.    CDR Futch retired from the USPHS on February 28, 2021, and became entitled to retired pay on March 1, 2021.

21.    On or about September 30, 2025, CDR Futch received his monthly retired pay for the month of October 2025.

22.    CDR Futch has not yet received his monthly retired pay for the month of November 2025, which, based on past history, should have arrived in late October.

23.    Upon information and belief, the United States of America is refusing to pay CDR Futch his monthly retired pay as a result of the current government shutdown which began October 1, 2025.

### *Plaintiffs' Claim*

**Violation of 28 U.S.C. § 1491 – Failure to Pay Monthly Retired Pay Under 42 U.S.C. § 212**

24.    The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

25.      The Tucker Act permits this Court to exercise jurisdiction over claims against the United States which either 1) rely on any express or implied contract with the United States, 2) seek a refund from a prior payment made to the United States, or 3) rely on a federal constitutional, statutory, or regulatory law mandating compensation by the United States for damages sustained. *See United States v. Navajo Nation*, 556 U.S. 287, 289–90 (2009).

26.      Claims under the third category, "where no payment has been made to the government, either directly or in effect, require that the particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Harrison v. United States*, 120 Fed. Cl. 533, 543–44 (2015) (internal citations omitted).

27.      Such a statute is called a "money-mandating" statute. *Collins v. U.S.*, 101 Fed.Cl. 435, 440 (2011).

28.      "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties'" imposed by the statute. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir.2005) (quoting *United States v. Mitchell*, 463 U.S. 206, 219, (1983)).

29.      Under this rule, a statute or regulation creating a Tucker Act right only needs to be "reasonably amenable to the reading that it mandates a right of recovery in damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

30.      Although such a right will not be "lightly inferred, a fair inference will do." *Id*.

31.      42 U.S.C. § 212 governs the retirement of officers of the USPHS.

32.      If a USPHS officer satisfies the conditions enumerated in 42 U.S.C. § 212(a)(1), (2), and (3), a USPHS officer is entitled to retired pay.

33.     Such retired pay is mandated by 42 U.S.C. § 212(a)(4) for officers who became USPHS members on or before September 7, 1980:

> a commissioned officer retired pursuant to paragraph (1), (2), or (3) who was on active duty with the Regular Corps on the day preceding such retirement shall be entitled to receive retired pay calculated by multiplying the retired pay base determined under section 1406 of title 10 by the retired pay multiplier determined under section 1409 of such title for the numbers of years of service credited to the officer under this paragraph…

34.     Such retired pay is mandated by 42 U.S.C. § 212(a)(6) for officers who became USPHS members after September 7, 1980:

> The retired pay of a commissioned officer retired under this subsection who first became a member of a uniformed service after September 7, 1980, is determined by multiplying—(A) the retired pay base determined under section 1407 of title 10; by (B) the retired pay multiplier determined under section 1409 of such title for the number of years of service credited to the officer under paragraph (4).

35.     Thus, 42 U.S.C. § 212(a)(4), (a)(6) is a money-mandating statute, as it entitles commissioned officers to retirement pay based on a mandatory calculation method. *See Fisher*, 402 F.3d at 1174-75 (holding statute money-mandating if government "has no discretion whether to pay out retirement funds.").

36.     In each instance, the United States is required to pay retired USPHS members monthly. *See* 42 U.S.C. § 212(a)(4), (a)(6), *see generally* 10 U.S.C. § 1406, 10 U.S.C. § 1407, 10 U.S.C. § 1409; *see also* 10 U.S.C. § 1401.

37.     None of these statutes provide that payments may cease in the event of a federal government shutdown.

38.     Here, the United States of America has failed to pay Plaintiffs and Class Members their monthly retired pay during the current federal government shutdown, which began on October 1, 2025.

39.     All in violation of 42 U.S.C. § 212(a)(4), (a)(6), and 28 U.S.C. § 1491.

*Class Action Allegations*

40.     The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

41.     Plaintiffs bring this action as a class action pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Rule 23(a), (b), individually and on behalf of a Class consisting of all retired officers of the USPHS whose monthly retired pay, guaranteed by 42 U.S.C. § 212, has not been paid by the United States of America during the current government shutdown which began on October 1, 2025.

42.     The Class Members are so numerous that joinder of all members is impractical. While the exact number and identity of Class Members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery upon the United States of America, Plaintiffs aver, upon information and belief, that there are at least 7,000 members in the proposed Class. *See Douglas R. Bigelow Trust v. United States,* 97 Fed.Cl. 674, 676 & n. 6 (2011) (citing six decisions approving classes of sizes ranging from 16 to 25 and certifying a class of 25 members). *See also Jaynes v. United States,* 69 Fed.Cl. 450, 454 (2006) ("[T]he [c]ourt declines to formally adopt a 'presumption' approach to numerosity.").  Plaintiff's counsel has received in excess of 50 individuals who have expressed interest in joining this action to secure their monthly retired pay guaranteed by 42 U.S.C. § 212. Upon information and belief, Plaintiffs aver that the total amount to which the Class Members are entitled to be paid by the United States of America each month is approximately $66,000,000.00.

43.    Plaintiffs' claims are typical of Class Members' claims, as they, like all Class Members, are retired USPHS officers who have failed to receive their monthly retired pay to which they are entitled under 42 U.S.C. § 212 and 28 U.S.C. § 1491 from the United States of America.

44.    Plaintiffs will fairly and adequately protect the interests of the Class Members, and Plaintiffs have obtained counsel with decades of litigation experience, who specialize in representing plaintiffs in administrative actions in federal courts.

45.    There is a common question of law and fact for all Class Members which predominates over any questions solely affecting individual Class Members. That common question of law and fact is:

> Whether the United States of America violated 28 U.S.C. § 1491 by failing to pay retired USPHS officers their monthly retired pay, as required by 42 U.S.C. § 212.

46.    Because of this common question of law and fact, prosecution of separate actions by individual members of the Class would create an unacceptable risk of inconsistent or varying adjudications with respect to individual members of the Class, imposing incompatible standards of conduct for the United States of America.

47.    The United States of America has also acted, or refused to act, on grounds that apply generally to the Class Members. Final relief is therefore appropriate to the Class as a whole.

48.    Because joinder of all Class Members is impracticable, a class action is superior to other available methods for fairly and efficiently adjudicating the Class Members' claims.

49.    In addition, the injury suffered by the individual Class Members may be relatively small, rendering the expense and burden of individual litigation burdensome for such individual

Class Members and making it impossible for these Class Members to individually redress the wrongs they have suffered.

50.    Finally, there will be no difficulty in the management of this action as a class action.

***Prayer for Relief***

WHEREFORE, Plaintiffs and the Class they represent respectfully request this honorable Court enter judgment against the United States of America and award the following relief:

(a) Certification of this Complaint as a Class Action; and,

(b) Designation of Plaintiffs, CDR William Michael Futch and CAPT Benjamin F. Brown, Jr., as the Class Representatives; and,

(c) Full backpay for Plaintiffs and all Class Members, to include the payment of all monthly retired pay which the United States of America has failed to make during the current government shutdown which began on October 1, 2025, and any further monthly retired pay payments which the United States of America may yet fail to make during the duration of this litigation; and,

(d) A declaration holding that the Plaintiffs are the "prevailing party" as that term is defined in 28 U.S.C. § 2412 (a)(1) and (b), and finding that the position of the United States of America is not "substantially justified" as that term is defined in 28 U.S.C. § 2412 (d)(1)(A), and awarding Plaintiffs all costs and expenses Plaintiffs have incurred in this action, including reasonable attorneys' fees as provided for in the agreements which the Plaintiffs have signed; and,

(e) That this Court retain jurisdiction over this action until the United States of America has complied with the orders of this Court as pertains to all Class Members; and,

(f)  Any other and further relief as the Court may deem, in the circumstances, be just and

proper.

Dated November 10, 2025.                    Respectfully submitted,

/s/*David P. Sheldon*
David P. Sheldon
DC Bar No. 446039
Law Offices of David P. Sheldon, P.L.L.C.
100 M Street, S.E., Suite 600
Washington, DC  20003
Tel: 202.546.9575
Fax: 202.546.0135

*Attorney for Plaintiffs*